**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Howard Schultz & Associates International, Inc., as successor in interest to Howard Schultz Associates of Mid-America, Inc.

Court File No. 01-CV-547 (JRT/FLN)

Plaintiff,

v.

**PROTECTIVE ORDER**

Evert Software, Inc. f/k/a Evert, Inc., and Harry A. Evert

Defendants.

---

Plaintiff Howard Schultz & Associates, International, Inc., successor in interest to Howard Schultz Associates of Mid-America, Inc., ("Plaintiff") and Defendants Evert Software, Inc. f/k/a Evert, Inc., and Harry A. Evert ("Defendants"), each and all believing that a Protective Order should be entered pursuant to Rule 26 of the Federal Rules of Civil Procedure in order to maintain the confidentiality of certain information, documents, tangible things, testimony and other material to be exchanged among the parties in the above-identified litigation, and each having stipulated, by their counsel, to the entry of this Protective Order and the Court having considered the proposed order, good cause appearing there for,

**IT IS HEREBY ORDERED that:**

1. CONFIDENTIAL INFORMATION as used herein refers to information that a party claims to be a trade secret or other confidential research, development, business or commercial information within the meaning of Rule 26, Fed. R. Civ. P.

CONFIDENTIAL INFORMATION may be more specifically designated by a party as CONFIDENTIAL INFORMATION - OUTSIDE COUNSEL ONLY.

#43463

FILED JUL 23 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD_______
DEPUTY CLERK_______

2. CONFIDENTIAL INFORMATION - OUTSIDE COUNSEL ONLY as used herein, means any document so designated by a party to this action furnished or produced by that party in the course of this litigation, in the nature of technical trade secret, confidential technical research and development, commercial or financial information (including personal financial information).

3. Information to be treated under this Protective Order as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - OUTSIDE COUNSEL ONLY shall include:

(a) Information set forth in response to discovery requests made under Rules 31, 33 or 36 of the Fed. R. Civ. P., provided that prior to disclosure to the discovering party, the responses are marked by the producing party within the following or equivalent legend:

<u>CONFIDENTIAL</u>

or

<u>CONFIDENTIAL - OUTSIDE COUNSEL ONLY</u>

(b) information set forth in documents made available for inspection by the discovering party under Rules 33.03 or 34, Fed. R. Civ. P.;

(c) information set forth in any copies of documents produced to the discovering party under Rules 33.03 or 34, Fed. R. Civ. P., provided that prior to delivery of the copies to the discovering party, the copies are marked by the producing party with the following or equivalent legend:

<u>CONFIDENTIAL</u>

or

<u>CONFIDENTIAL - OUTSIDE COUNSEL ONLY</u>

(d) information revealed by inspection of tangible things or land or other property and other activities under Rule 34, Fed. R. Civ. P., provided that prior to the inspection, the party permitting inspection states in writing that its CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - OUTSIDE COUNSEL ONLY will be disclosed by such inspection or other activities and specifies in writing those parts of the tangible things or those areas of the land or other property in which its CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - OUTSIDE COUNSEL ONLY will be revealed;

(e) information revealed during depositions upon oral examination under Rule 30, Fed. R. Civ. P., except that the information revealed during any particular deposition shall cease to be CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - OUTSIDE COUNSEL ONLY 21 days after receipt of the deposition transcript by counsel for the witness unless, before the 21 days have expired, the witness, his employers or his counsel informs the deposing party in writing that CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - OUTSIDE COUNSEL ONLY of the witness or his employer is set forth in the transcript and identifies in writing the portions of the transcript that disclose that CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - OUTSIDE COUNSEL ONLY. In the case of non-party witnesses, either a plaintiff or a defendant may designate information revealed as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - OUTSIDE COUNSEL ONLY within 21 days of receipt of the deposition transcript by its counsel.

4. CONFIDENTIAL INFORMATION shall be disclosed only to:

(a) The outside attorneys who have appeared of record in this litigation and necessary legal, paralegal, secretarial and clerical personnel of those attorneys and their firms;

(b) Independent outside experts or independent outside consultants retained by outside attorneys for a party for purposes of this litigation, who have first signed an Undertaking in the form or Exhibit AA≅ attached hereto;

(c) A maximum of two (2) inside employed technical (non-financial) experts for a party who have first signed an Undertaking in the form of Exhibit AA≅ attached hereto;

(d) A maximum of one (1) in-house employed attorney(s) for a party who have first signed an Undertaking in the form of Exhibit AA≅ attached hereto and necessary secretarial and clerical personnel of those attorneys:

(e) Business executives having decision making responsibilities for this litigation for a party who have first signed an Undertaking in the form of Exhibit AA≅ attached hereto, as follows;

(1) Plaintiff: one (1);

(2) Defendants: one (1);

(f) Independent translators retained by a party to translate documents or testimony, who have first signed an Undertaking in the form of Exhibit AA≅ attached hereto; and

(g) This Court and its personnel.

5. CONFIDENTIAL INFORMATION - OUTSIDE COUNSEL ONLY shall be disclosed only to those persons identified in paragraphs 4(a), (b), (f), and (g), above, provided

that persons specified in paragraphs 4(b) and (f) have first signed an Undertaking in the form attached as Exhibit A.

6. All signed Undertakings promptly will be filed with the Court and copies thereof promptly will be served on each outside attorney who has appeared of record in this action.

7. CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - OUTSIDE COUNSEL ONLY shall be used only by persons permitted access to it pursuant to the foregoing paragraphs 4 and 5, respectively, shall be used solely for the purpose of this litigation, including the settlement thereof, and shall not be used for any other purpose whatsoever and shall not be disclosed to persons other than those specified in and permitted access to it pursuant to the foregoing paragraphs.

8. A party desiring to have CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - OUTSIDE COUNSEL ONLY of another party disclosed to an outside expert, outside consultant, or independent translator shall first give written notice to the other parties, including a current and complete curriculum vitae for the outside expert, outside consultant or independent translator, a list of all patents, copyrights, trademarks, and publications as to which the person is identified as an author, owner, or inventor, a list of each litigation in-which the person has testified and a statement indicating whether or not the person has performed any services for or received anything of value from any party and the circumstances. The other parties shall have 5 days after receiving such notice to object in writing. No CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - OUTSIDE COUNSEL ONLY shall be disclosed to such persons until after the expiration of a 5 day period commencing with the receipt by the opposing parties of such notice. If, however, during that 5 day period the party giving notice receives an objection from another party, there

shall be no disclosure of CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - OUTSIDE COUNSEL ONLY to such person(s), except by further order of the Court.

A party desiring to have CONFIDENTIAL INFORMATION of another party disclosed to a person identified in paragraph 4(c) and (e) shall first give written notice to the other parties, including a current and complete curriculum vitae for the person and a current job description including functional responsibilities. The other parties shall have 5 days after receiving such notice to object in writing. No CONFIDENTIAL INFORMATION shall be disclosed to such persons until after the expiration of a 5 day period commencing with the receipt by the opposing parties of such notice. If, however, during that 5 day period the party giving notice receives an objection from another party, there shall be no disclosure of CONFIDENTIAL INFORMATION to such person(s), except by further order of the Court.

9. If a document containing CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - OUTSIDE COUNSEL ONLY is filed with the Court, it shall be filed with the Clerk of the Court in a sealed envelope marked with the caption of the case, a schedule of the contents of the envelope, and the following notation:

AContains CONFIDENTIAL INFORMATION;

To Be Opened Only By Or As Directed By The Court≅

or

AContains CONFIDENTIAL INFORMATION - OUTSIDE COUNSEL ONLY;

To Be Opened Only By Or As Directed By The Court≅

10. Should need arise during the trial or any hearing in this litigation for a party to cause CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION -

OUTSIDE COUNSEL ONLY of another party to be disclosed, it may do so only after appropriate in camera or other safeguards are requested of the Court.

11. If CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - OUTSIDE COUNSEL ONLY is to be the subject of oral depositions of third party witnesses not otherwise entitled to access thereto under paragraphs 4 or 5 above, respectively, the following procedures apply. CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - OUTSIDE COUNSEL ONLY shall not be provided to any such person without prior written consent, or oral consent during a deposition, of the producing party or without permission by the Court upon notice and motion. After receiving such consent, the party seeking to use the CONFIDENTIAL INFORMATION OR CONFIDENTIAL INFORMATION - OUTSIDE COUNSEL ONLY during such deposition shall obtain a signed Undertaking in the form attached as Exhibit A from the witness.

12. Upon termination of this litigation, all copies of all documents containing CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - OUTSIDE COUNSEL ONLY shall be destroyed, with the exception of one archival copy of deposition exhibits, trial exhibits, and documents included in any submission to the Court or any documents constituting an attorney's work product which may be retained by the outside attorneys who have appeared in this action on behalf of the parties. Any such destruction of any such CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - OUTSIDE COUNSEL ONLY shall be confirmed in writing by the party destroying such documents.

13. The inadvertent or unintentional disclosure by a designating party of CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - OUTSIDE COUNSEL ONLY, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality,

either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter. Any such inadvertently or unintentionally disclosed CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION -OUTSIDE COUNSEL ONLY not designated as such pursuant to paragraphs 1 and 2, above, shall be designated as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - OUTSIDE COUNSEL ONLY as soon as reasonably possible after the producing party becomes aware of the inadvertent or unintentional disclosure.

14. This Protective Order shall not prevent a party from moving this Court for an order that CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - OUTSIDE COUNSEL ONLY of another party is not, in fact, confidential. On such a motion, the party asserting confidentiality shall have the burden of proving that the CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - OUTSIDE COUNSEL ONLY embodies its trade secrets or other confidential research, development or commercial (including financial) information, or personal financial information within the meaning of Rule 26, Fed. R. Civ. P. Nothing contained in this Stipulation and Protective Order shall constitute an admission by any party that any information designated CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION - OUTSIDE COUNSEL ONLY is a trade secret or other confidential research, development or commercial (including financial) information or confidential personal information within the meaning of Rule 26 of the Federal Rules of Civil Procedure.

15. This Protective Order may be amended by agreement of counsel for the parties and approval of the Court in the form of a stipulation that shall be filed in this case. Any party may, on motion and for good cause shown, apply at any time to the Court for a modification of this Order.

16. This Protective Order shall survive the termination of this action.

17. Nothing herein shall prohibit disclosure of any information or document to public officials for law enforcement purposes.

**IT IS SO ORDERED:**

By: ______________________
Franklin L. Noel
Magistrate Judge of U.S. District Court

#43463

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Howard Schultz & Associates International, Inc., as successor in interest to Howard Schultz Associates of Mid-America, Inc.

Court File No. 01-CV-547 (JRT/FLN)

Plaintiff,

v.

**UNDERTAKING OF ______________**

Evert Software, Inc. f/k/a Evert, Inc., and Harry A. Evert

Defendants.

---

STATE OF ______________)
)
) ss
COUNTY OF ____________)

I, ________________________________________, being duly sworn, state that:

1. My address is ________________________________________. My current employer is ________________________________________. My current occupation is ________________________________________.

2. I have received a copy of the attached Protective Order entered in this action by the United States District Court, District of Minnesota on ____________________________, 200_.

3. I have carefully read and understand the terms of the Protective Order.

4. I will comply with all of the provisions of the Protective Order.

5. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any CONFIDENTIAL INFORMATION [or CONFIDENTIAL INFORMATION - OUTSIDE COUNSEL ONLY] which is disclosed to me.

#43463

6. Promptly upon termination of this action, I will return all CONFIDENTIAL INFORMATION [or CONFIDENTIAL INFORMATION -OUTSIDE COUNSEL ONLY] that has come into my possession, and all documents or things which I have prepared relating thereto, to the outside attorneys for the party by whom I am employed or retained.

7. I understand that if I violate the provisions of the Protective Order I will be subject to sanctions by the Court and that the parties, or either of them, may assert other remedies against me.

8. I hereby submit to the jurisdiction of the United States District Court, District of Minnesota for the purposes of all matters related in any way to my obligations under this Undertaking and the Protective Order in this action.

9. I understand that this Undertaking and the Protective Order are enforceable after the termination of this action.

____________________________________

Subscribed and sworn to before me

On __________________, 200_.

______________________________
Notary Public

Note: Portions in brackets to be deleted in Undertakings of persons specified in paragraphs 4(c), 4(d) and 4(e).

**Please forward this announcement to the recipient of this fax.**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 708
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

FORMS\PROTECOR.NOT
Rev. 2/23/01